UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

____

DUSTIN CHARLES LEE,

        Plaintiff,                    Case No. 2:15-CV-00104

v.                                                 Consent Case

JENNIFER FRANCE, in her official
and individual capacity, and
CHIPPEWA COUNTY, MICHIGAN

        Defendants.
_____/

## OPINION

        Plaintiff Dustin Charles Lee filed this civil rights action pursuant to 42 U.S.C. § 1983 and § 1988 alleging violations of the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also claims that Defendant violated his rights under state law. Plaintiff sues Chippewa County Public Defender Jennifer France, in her official and individual capacities, and Chippewa County. Plaintiff is seeking punitive damages, as well as declaratory relief. Plaintiff's amended complaint alleges that Defendant France, with gross negligence, manufactured a false charge against Plaintiff for escape, that the Plaintiff was wrongly imprisoned after he plead guilty to this crime, and that Defendant France coerced him into pleading guilty to the charge.

        On March 27, 2012, Plaintiff pleaded guilty to assault of a police officer in Chippewa County and possession of a controlled substance, while also being found guilty of habitual offender 3rd. At this time, Plaintiff signed a tether agreement acknowledging that he would be monitored by the courts. The tether agreement required Plaintiff to return to his residence within the scheduled time

or he would be considered an escaped inmate. On August 24, 2012, Plaintiff was sentenced to 365 days jail and ordered to report to the Chippewa County Jail on April 27, 2012, at 3:00 p.m. Plaintiff failed to report to the Chippewa County Jail as ordered.

On May 9, 2012, while attempting to flee town, Plaintiff was arrested. Plaintiff admitted to placing tinfoil around the ankle tether device in an effort to evade detection. Based on this occurrence, Plaintiff was charged by the Chippewa County Prosecutor's Office with escape under M.C.L. 750.195 and habitual offender 4th. Defendant France was appointed by the court to represent Plaintiff in this criminal case. Plaintiff pleaded guilty to escape and habitual offender 3rd. On August 7, 2012, Plaintiff was sentenced to a two to eight years, to be served consecutive to the underlying charges from March 27, 2012 conviction.

Presently before the Court is Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b). Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants argue that Plaintiff's § 1983 claims against Defendants are barred because Defendants were not acting under the color of state law. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Plaintiff cannot show that Defendant France, his court-appointed Public Defender, acted under color of state law. In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel performs a private, not an official, function:

> In our system[,] a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client." This is essentially a

3

> private function, traditionally filled by retained counsel, for which state office and authority are not needed.

454 U.S. at 318-19 (footnotes omitted).  The *Polk County* Court further held that this is true even of the state-appointed and state-paid public defender.  *Id.* at 321.  The Court indicated that, once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program.  *Id.* at 323.  The Court held that, even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused.  *Id.* at 325.  Rather, defense counsel—whether privately retained or paid by the state—acts purely on behalf of the client and free from state control.  *Id*.  Accordingly, Plaintiff's court-appointed Public Defender, Defendant France, did not act under color of state law, and no claim under § 1983 can be maintained against her.

In addition, Plaintiff's  § 1983 claim against Defendant Chippewa County fails as well. Local governments "may not be sued under § 1983 for an injury inflicted solely by its employees or agents."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Floyd v. Cnty. of Kent*, 454 Fed. App'x 493, 499 (6th Cir. 2012) (stating without proof that County's practices, not its employee's, were the "moving force" behind plaintiff's violations, no § 1983 claim stands against it).  Defendant France is an employee of Chippewa County.  Plaintiff's claim of wrongful imprisonment  rests on Defendant France's actions and advice during Plaintiff's criminal case from June 15, 2012 to August 7, 2012.  Because Plaintiff's claim stems from actions by Defendant France alone, Plaintiff is barred from bringing this § 1983 claim against Defendant Chippewa County. *See Monell*, 436 U.S. at 694.

To the extent that Plaintiff asserts claims of fraud and legal malpractice, these claims arise solely under state law.  Section 1983 does not provide redress for a violation of a state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances.  *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998).  Even if Plaintiff's federal claims had not been barred, this Court likely would not have exercised its discretion in hearing the claims.  *See* 28 U.S.C. 1367(c).  Accordingly, these claims will be dismissed without prejudice.

In light of the foregoing, the court concludes that Plaintiff has failed to sustain his burden of proof in response to Defendants' Motion for Summary Judgment.  Accordingly, Defendants' Motion for Summary Judgment (Docket #56) will be **GRANTED** and this case will be dismissed in its entirety.

An Order and Judgment consistent with this Opinion will be entered.

Dated: May 27, 2015

  /s/   TIMOTHY P. GREELEY
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE