UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE TAYLOR,

    Plaintiff,                                       Hon. Gordon J. Quist

v.                                                 Case No. 1:15-CV-104

J. WAWRZYNIAK,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss, (Dkt. #9), and Defendant's Corrected Motion to Dismiss, (Dkt. #13). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motions both be **denied**.

## BACKGROUND

Plaintiff initiated this action on February 5, 2015, against Corrections Officer J. Wawrzyniak. In his complaint, Plaintiff makes the following allegations.

As of May 1, 2014, Plaintiff was incarcerated at the Michigan Reformatory where Defendant Wawrzyniak was employed as a Corrections Officer. On the date in question, Plaintiff had been instructed "numerous" times to "remove a sheet that was hanging loosely from his cell bars." Plaintiff did not comply with these orders. At approximately 2:05 a.m., Defendant Wawrzyniak, without warning, administered into Plaintiff's cell a chemical agent. Plaintiff awoke "unable to breath[e]." Defendant Wawrzyniak justified his actions by falsely alleging that Plaintiff "attacked him with unknown liquids." Plaintiff submitted a grievance regarding this incident. As a result of the

investigation into this incident, Defendant Wawrzyniak was disciplined for using excessive force against Plaintiff.[1] On February 18, 2015, the Court, having determined that Plaintiff's allegations stated a claim on which relief may be granted, ordered that Plaintiff's complaint be served on Defendant Wawrzyniak. Nevertheless, on May 11, 2015, Defendant Wawrzyniak filed his initial motion to dismiss for failure to state a claim, a corrected version of the motion being filed four days later.

### **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that

---

[1] This particular assertion is supported by documents Plaintiff has submitted with his complaint. Specifically, the responses Plaintiff received to his grievance state that "it is found staff did use excessive force" and that "measures were taken to address Officer Wawrzyniak's use of force."

are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

Defendant's motion to dismiss is clearly premised on Federal Rule of Civil Procedure 12(b)(6). (Dkt. #13 at PageID #81). Defendant nevertheless supports his motion with evidence inapplicable to a 12(b)(6) motion to dismiss. Specifically, Defendant has submitted the following items of evidence: (1) an affidavit executed by Corrections Officer Bruce Carpenter concerning events allegedly occurring after the incident giving rise to this action; and (2) copies of Critical Incident Reports subsequently completed by prison officials regarding the incident in question. This evidence is neither referenced in Plaintiff's complaint nor central to his claims. Rather, this evidence simply constitutes statements by Defendant and other prison officials regarding the events in question.

The Court recognizes that it may, in the context of a Rule 12(b)(6) motion, consider certain material beyond the four corners of Plaintiff's complaint. However, Defendant has identified no authority supporting the proposition that this notion permits him to submit reports substituting his own (and others') allegations for Plaintiff's allegations concerning the relevant events. Rather, courts have reached the opposite conclusion on this question. *See, e.g., IDS Property Casualty Ins. Co. v. Kasneci*, 2014 WL 502137 at *7 (E.D. Mich., Feb. 7, 2014) (finding that the plaintiff's allegations were sufficient to state a claim, the court further observed, "[t]hat Defendant believes Plaintiff's claims are implausible due to other factors - i.e., the material [Defendant] submits outside the complaint - is simply not an argument that Court can consider when evaluating a Rule 12(b)(6) motion").

In sum, the additional material submitted by Defendant concerns matters beyond Plaintiff's complaint which may not be considered in the context of a Rule 12(b)(6) motion to dismiss. The Court declines to convert Defendant's motion to a motion for summary judgment and, therefore,

the attachments to Defendant's motion shall not be considered.[2]  *See* Fed. R. Civ. P. 12(d); Wright & Miller Federal Practice and Procedure: Civil 3d § 1371 (recognizing that "it is well settled that it is within the district court's discretion whether to accept extra-pleading matter" on a motion to dismiss for failure to state a claim and treat it as one for summary judgment or to reject it and maintain the character of the motion as one under Rule 12(b)(6)); *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 503 (6th Cir. 2006).

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment.  U.S. Const. amend. VIII.  The excessive use of force which results in the unnecessary and wanton infliction of pain violates this provision.  *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). Claims alleging the excessive use of force have both a subjective and an objective component.  *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).  The objective component of the analysis examines whether the pain or deprivation allegedly suffered by the prisoner was "sufficiently serious" to implicate the Eighth Amendment.  *Id.*  To be "sufficiently serious," the prison official's act or omission must deny the prisoner of "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), as defined by contemporary standards of decency.  *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).  Such standards "always are violated" when "prison officials maliciously and sadistically use force to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  However, "*de minimis* uses of physical force" do not violate the Eighth Amendment "provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"  *Id.* at 9-10.

---

[2]  Even were the Court to convert the present motion to a motion for summary judgment, the result would be the same as the Critical Incident Reports are inadmissible hearsay on which summary judgment cannot be based.  *See, e.g., Rogers v. Lilly*, 292 Fed. Appx. 423, 428 n.3 (6th Cir., Aug. 22, 2008) ("only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment"); *see also*, Fed. R. Evid. 901(a) ("[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is").  While certain items of evidence are self-authenticating, the Critical Incident Reports do not qualify for such treatment.  *See* Fed. R. Evid. 902.

The subjective component of the analysis examines whether the prison official's conduct reflected "obduracy and wantonness" or was instead the product of "inadvertence or error in good faith." *Wilson*, 501 U.S. at 299. In this respect, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. 320-21. When evaluating whether a prison official's conduct falls short of this standard, the Court must consider the following factors: (1) the need for the application of force, (2) the relationship between such need and the force used, (3) the threat reasonably perceived by the prison official, and (4) any efforts undertaken to temper the severity of the response. *Hudson*, 503 U.S. at 7. The absence of injury, while relevant, is not dispositive. *Id.*

Plaintiff alleges that Defendant employed a chemical agent against a sleeping prisoner to secure the removal of a sheet that was inappropriately placed on the bars of his cell. Plaintiff further alleges that Defendant attempted to justify his use of the chemical agent by falsely alleging that Plaintiff first assaulted him with an unknown liquid. Finally, Plaintiff alleges that prison officials subsequently concluded that Defendant Wawrzyniak employed excessive force during the incident in question. These allegations are more than enough to state a claim for violation of Plaintiff's Eighth Amendment rights. As the Sixth Circuit has held, "using a chemical agent in an initial attempt to wake a sleeping prisoner, without apparent necessity and in the absence of mitigating circumstances, violates clearly established law." *Roberson v. Torres*, 770 F.3d 396, 405-07 (6th Cir. 2014). Accordingly, the undersigned recommends that Defendant's motion to dismiss be denied. The undersigned also recommends that Defendant's motion for qualified immunity be denied for the same reasons. *See Pearson v. Callahan*,

555 U.S. 223, 232 (2009) (qualified immunity not appropriate where the plaintiff's allegations state a claim for violation of a clearly established right).[3]

Finally, Defendant argues that Plaintiff's complaint must be dismissed because he has failed to allege that he suffered a sufficient physical injury. The Court is not persuaded. Pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . .." First, to satisfy the physical injury requirement articulated in § 1997e(e), Plaintiff need only allege that he suffered more than a de minimis injury. *See, e.g., Braswell v. Corrections Corp. of America*, 419 Fed. Appx. 622, 626-27 (6th Cir., Apr. 15, 2011). Plaintiff's allegation that after being sprayed with chemical agent by Defendant he awoke unable to breathe satisfies, in the context of a Rule 12(b)(6) motion, the physical injury requirement. Furthermore, even if Plaintiff could not satisfy the physical injury requirement such does not necessarily preclude him from obtaining nominal or punitive damages. *See, e.g., Williams v. Sharett*, 2007 WL 2406960 at *4 (W.D. Mich., Aug. 20, 2007).

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss, (Dkt. #9), and Defendant's Corrected Motion to Dismiss, (Dkt. #13), both be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

---

[3] The Court recognizes that *Torres* was decided several months after the events giving rise to the present action. However, the analysis articulated by the *Torres* court in denying the defendant's qualified immunity claim was premised on authority decided long before the events giving rise to the present matter. Thus, the Court finds the *Torres* court's analysis and conclusion on the qualified immunity question equally applicable in this matter.

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                              Respectfully submitted,

Date:  November 10, 2015                  /s/ Ellen S. Carmody
                                            ELLEN S. CARMODY
                                            United States Magistrate Judge