UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE TAYLOR,

        Plaintiff,

v.

J. WAWRZYNIAK,

        Defendant.

                         /

Case No. 1:15-CV-104

Hon. Gordon J. Quist

## ORDER ADOPTING REPORT AND RECOMMENDATION

On November 10, 2015, Magistrate Judge Carmody issued a Report and Recommendation (R & R) in which she recommended that the Court deny Defendant's motion to dismiss. Defendant filed timely objections. Having reviewed the R & R, Defendant's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Defendant argues that Plaintiff's claim is barred by 42 U.S.C. § 1997(e), which prohibits a prisoner from bringing an action for mental or emotional injury "without a prior showing of physical injury." The physical injury required by § 1997(e) need not be significant, but must be more than de minimis. *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010). In this case, Plaintiff has alleged that he awoke in his cell unable to breathe due to the presence of chemical agents deployed by Defendant. Plaintiff's inability to breath is more than a de minimis injury, and thus sufficient to satisfy the physical injury requirement in § 1997(e) at this stage.

Defendant further argues that the magistrate judge should have considered the critical incident reports attached to his motion to dismiss because they were referenced in Plaintiff's complaint. Although Plaintiff's complaint references "reports," it is unclear whether those reports

are the critical incident reports that Defendant attached to his motion. As such, the critical incident reports may not be considered in deciding a Rule 12(b)(6) motion. Moreover, the magistrate judge did not err in refusing to convert Defendant's motion to one for summary judgment. Where, as here, the parties have not conducted discovery, the court has discretion to convert the motion to one for summary judgment after it "assures itself that such treatment would be fair to both parties[.]" *Flynn v. Tiede-Zoeller, Inc.*, 412 F. Supp. 2d 46, 50 (D.D.C. 2006). Thus, a court may refuse to convert a motion to dismiss into one for summary judgment where there has been no discovery. *Wyant v. Corr. Med. Servs.*, No. CIV.02-1346 GMS, 2005 WL 2864787, at *2 (D. Del. Nov. 1, 2005). Defendant filed its motion under Rule 12(b)(6), and the Court declines to exercise its discretion to convert it under the circumstances.[1]

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge filed November 10, 2015 (dkt. #39) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Objections to Report and Recommendation (dkt. #44) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (dkt. #9) and Defendant's Corrected Motion to Dismiss (dkt. #13) are **DENIED**.

Dated: December 3, 2015                              /s/ Gordon J. Quist
                                                             GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE

---

[1] Even if the Court did consider the critical incident reports, the result would be the same. Defendant appears to rely on those reports to show that Plaintiff did not request any health care after the incident. As previously discussed, however, Plaintiff's inability to breath at the time of the incident is sufficient to allege a physical injury under § 1997(e).