UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE TAYLOR,

        Plaintiff,                           Hon. Gordon J. Quist

v.                                             Case No. 1:15-CV-104

J. WAWRZYNIAK,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on <u>Defendant's Motion for Summary Judgment</u>, (ECF No. 85), and <u>Plaintiff's Motion for Summary Judgment</u>, (ECF No. 90). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that both motions be **denied**.

## BACKGROUND

        Plaintiff initiated this action on February 5, 2015, against Corrections Officer J. Wawrzyniak. In his unverified complaint, Plaintiff makes the following allegations.

        As of May 1, 2014, Plaintiff was incarcerated at the Michigan Reformatory where Defendant Wawrzyniak was employed as a Corrections Officer. On the date in question, Plaintiff had been instructed "numerous" times to "remove a sheet that was hanging loosely from his cell bars." Plaintiff did not comply with these orders. At approximately 2:05 a.m., Defendant Wawrzyniak, without warning, administered into Plaintiff's cell a chemical agent. Plaintiff awoke "unable to breath[e]." Defendant Wawrzyniak justified his actions by falsely alleging that Plaintiff "attacked him with unknown liquids." Plaintiff submitted a grievance regarding this incident. As a result of the

investigation into this incident, Defendant Wawrzyniak was disciplined for using excessive force. Plaintiff alleges that Defendant's use of a chemical agent constituted excessive force in violation of the Eighth Amendment. Defendant and Plaintiff now both move for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility considerations." *Fogerty*

*v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).  Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54.  In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).  Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).  The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561.  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.        Eighth Amendment Standard**

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. U.S. Const. amend. VIII. The excessive use of force which results in the unnecessary and wanton infliction of pain violates this provision. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). Claims alleging the excessive use of force have both a subjective and an objective component. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

The objective component of the analysis examines whether the pain or deprivation allegedly suffered by the prisoner was "sufficiently serious" to implicate the Eighth Amendment. *Id.* To be "sufficiently serious," the prison official's act or omission must deny the prisoner of "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), as defined by contemporary standards of decency. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). While the Eighth Amendment does not prohibit every *de minimis* use of physical force, where "prison officials maliciously and sadistically use force to cause harm," contemporary standards of decency "always are violated" regardless whether the force applied was *de minimis* or resulted in injury. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).

The subjective component of the analysis examines whether the prison official's conduct reflected "obduracy and wantonness" or was instead the product of "inadvertence or error in good faith." *Wilson*, 501 U.S. at 299. In this respect, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. 320-21. When evaluating whether a prison official's conduct falls short of this standard, the Court must consider the following factors: (1) the need for the application of

force, (2) the relationship between such need and the force used, (3) the threat reasonably perceived by the prison official, and (4) any efforts undertaken to temper the severity of the response. *Hudson*, 503 U.S. at 7. The absence of injury, while relevant, is not dispositive. *Id.*

The Supreme Court recently had an opportunity to again examine the relationship between the amount of force employed by a prison official and the reason or rationale for such. In this regard, the Court observed as follows:

> When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated. . .whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury."
>
> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in *Hudson,* not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim.
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.

*Wilkins v. Gaddy*, 559 U.S. 34, 36-38 (2010) (internal citations and quotations omitted).

**II.       Plaintiff's Motion for Summary Judgment**

On December 7, 2015, the Court issued an Amended Case Management Order. (ECF No. 47). This Order provided that discovery "must be completed within 120 days from the date of this order" and, furthermore, that any motion for summary judgment must be filed "no later than 28 days after the close of discovery." (ECF No. 47 at PageID.198). Thus, to be considered timely filed, any motion for summary judgment was required to be filed no later than May 3, 2016, the date which falls 148 days after December 7, 2015.

On June 6, 2016, Plaintiff submitted a "Cross Motion for Summary Judgment" in which he argues that Defendant's motion for summary judgment should be denied and, furthermore, that judgment should instead be entered in his favor. (ECF No. 372). To the extent that Plaintiff moves for summary judgment, his motion is untimely without any evidence or articulation of good cause. Moreover, as discussed below, the record presently before the Court is insufficient to justify summary judgment for either party. Accordingly, the undersigned recommends that to the extent Plaintiff seeks summary judgment such be denied. To the extent, however, that Plaintiff's pleading is interpreted as a response in opposition to Defendant's motion for summary judgment, such is timely filed and will be considered.

**III.      Defendant's Motion for Summary Judgment**

In support of his motion for summary judgment, Defendant advances several arguments. First, Defendant argues that there exists no genuine factual dispute necessitating a trial. Defendant argues that he is entitled to relief because his actions constituted no more than "*de minimis* force." Defendant next argues that Plaintiff's claim fails because Plaintiff has failed to demonstrate that he

suffered any physical injury. Finally, Defendant argues that he is entitled to qualified immunity. As discussed herein, the Court finds unpersuasive all Defendant's arguments.

### A. Existence of Factual Dispute

In support of his motion for summary judgment, Defendant has submitted two items of evidence: (1) a copy of a Critical Incident Report allegedly concerning the events giving rise to this action, and (2) an affidavit executed by Corrections Officer Bruce Carpenter. (ECF No. 85 at PageID.339-55). Neither of these items advance Defendant's position.

The Critical Incident Report suffers from two glaring and fatal shortcomings. First, Defendant has failed to properly authenticate the Report. *See* Fed. R. Evid. 901(a) ("[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is"). While certain items of evidence are self-authenticating, the exhibit in question does not qualify for such treatment. *See* Fed. R. Evid. 902. Second, and more significant, the Critical Incident Report is inadmissible hearsay which the Court cannot consider when resolving a motion for summary judgment. *See, e.g., Rogers v. Lilly*, 292 Fed. Appx. 423, 428 n.3 (6th Cir., Aug. 22, 2008) ("only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment").

Plaintiff has specifically objected to the consideration of the Critical Incident Report on the ground that such constitutes inadmissible hearsay. (ECF No. 95, 101). Defendant has not asserted that the Critical Incident Report satisfies any exception to the rule against hearsay. It might at first glance, however, appear that the Critical Incident Report satisfies the exceptions applicable to "records of a regularly conducted activity" or "public records." *See* Fed. R. Evid. 803(6), (8). It is not apparent,

however, that the Critical Incident Report satisfies the requirements of either exception. Furthermore, neither of these exceptions applies where the opponent shows that the evidence in question lacks trustworthiness. *See* Fed. R. Evid. 803(6)(E), (8)(B). Plaintiff has submitted an affidavit in which he asserts that following the incident giving rise to this action, Defendant "was discharged for using excessive force against plaintiff." (ECF No. 103 at PageID.475). Defendant has not refuted this evidence. The Critical Incident Report is premised upon Defendant's statements to other prison employees. If Defendant's actions in the subject incident were sufficiently unjustified as to merit termination of his employment such would certainly give Defendant a significant incentive to be less than truthful when reporting what occurred during the encounter in question. This circumstance is sufficient to conclude that the Critical Incident Report lacks sufficient trustworthiness to satisfy either exception to the rule against hearsay. Thus, the Court concludes that it cannot consider the Critical Incident Report submitted by Defendant.

Defendant has also submitted an affidavit executed by Corrections Officer Bruce Carpenter. In his affidavit, Carpenter asserts that while attempting to escort Plaintiff to the control center, Plaintiff stated "watch what you're doing or you're going to be assaulted next." (ECF No. 85 at PageID.355). Defendant cites to this affidavit for the proposition that it demonstrates that Plaintiff threatened Officer Carpenter subsequent to the incident giving rise to the present action. The Court fails to discern, however, how Carpenter's affidavit advances Defendant's cause. Even if Plaintiff did threaten Carpenter, such hardly justifies Defendant's prior act of using pepper spray against Plaintiff. To the extent that Defendant argues that Plaintiff's statement that Carpenter would be "assaulted next," implies that Plaintiff committed a previous assault, that any such assault was perpetrated against Defendant is not apparent.

Simply stated, Defendant has failed to submit any evidence in support of his motion for summary judgment that, even if believed, would entitle him to relief in this matter. On the other hand, Plaintiff has submitted an affidavit in which he asserts the following. (ECF No. 103). Defendant sprayed him with chemical agents without provocation while he was sleeping. Plaintiff did not have a sheet covering his cell door as Defendant asserts. Plaintiff did not attack Defendant as Defendant alleges. After being sprayed by Defendant with pepper spray, Plaintiff was unable to breathe. Following this encounter, Defendant's employment with the Michigan Department of Corrections was terminated "for using excessive force against plaintiff." Defendant has failed to submit any evidence to refute any of the allegations in Plaintiff's affidavit.

While the evidence presently before the Court is one-sided, the Court finds that Plaintiff's affidavit while certainly sufficient to defeat Defendant's motion for summary judgment, is likewise insufficient to merit summary judgment in Plaintiff's favor. As noted above, to obtain summary judgment on his claims, Plaintiff must present evidence "so powerful that no reasonable jury would be free to disbelieve it." The evidence submitted by Plaintiff does not satisfy this heightened standard. Rather, the matters addressed in Plaintiff's affidavit must be more fully explored and considered by a jury to properly and fairly assess Defendant's culpability in this matter.

B.     *De Minimis* Force

Defendant next argues that Plaintiff "has no evidence" that experienced more than a *de minimis* use of force. As discussed above, however, whether Defendant's use of force was *de minimis* is not dispositive. If it is determined that Defendant employed force "maliciously and sadistically. . .to

cause harm," a conclusion supported by the admissible evidence presently before the Court, Plaintiff's alleged lack of significant injury is irrelevant. Accordingly, the Court rejects this argument.

      C.      Physical Injury

Defendant next argues that Plaintiff's claim is barred by the physical injury requirement articulated by the Prison Litigation Reform Act (PLRA). In relevant part, the PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . ." 42 U.S.C. § 1997e(e).

Courts have found that where a prisoner, following an application of chemical agent, merely experiences the "typical effects associated with pepper spray," such as burning skin and "minor" respiratory problems, such constitutes a *de minimis* injury insufficient to satisfy § 1997e(e). *See, e.g., Porter v. Shumake*, 2016 WL 3923421 at *13 (S.D. Ga., June 24, 2016). On the other hand, the Sixth Circuit has suggested that where a prisoner experiences "respiratory distress" in response to being pepper sprayed such is sufficient to overcome § 1997e(e). *See Jennings v. Mitchell*, 93 Fed. Appx. 723, 724 (6th Cir., Mar. 12, 2004) (finding that prisoner did not exhibit sufficiently severe injury because "[a]t no time was Jennings in respiratory distress of any sort; he merely was uncomfortable in the ordinary fashion of persons exposed to pepper spray").

Plaintiff has submitted an affidavit in which he asserts that after being subjected to pepper spray by Defendant he was "unable to breath[e]." (ECF No. 103). Defendant has failed to present any admissible evidence to the contrary. Interpreting the evidence in Plaintiff's favor, the Court

cannot conclude that Plaintiff did not suffer the requisite physical injury required by § 1997e(e). This argument is, therefore, rejected.[1]

### D. Qualified Immunity

Finally, Defendant argues that he is entitled to qualified immunity. Generally, when government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

As discussed above, it has been clearly established for many years that subjecting a prisoner to force, such as the use of pepper spray, without justification violates the Eighth Amendment. The admissible evidence presently before the Court does not support Defendant's arguments or version of events. While a jury may very well find in Defendant's favor, as the Sixth Circuit has stated, "[w]hen the legal question of immunity is completely dependent upon which view of the facts is accepted by the jury, the jury becomes the final arbiter of a claim of immunity." *Bouggess v. Mattingly*, 482 F.3d 886, 896 (6th Cir. 2007). Accordingly, the undersigned recommends that Defendant's claim of qualified immunity be denied.

---

[1] The Court further notes that even if it were determined that Plaintiff did not satisfy the physical injury requirement articulated in § 1997e(e), such would not necessitate the dismissal of Plaintiff's Eighth Amendment claim. By its very terms, § 1997e(e) is a "limitation on recovery," not a bar to asserting a claim. *See* 42 U.S.C. § 1997e(e). Accordingly, courts have determined that failure to satisfy the physical injury requirement merely precludes recovery of compensatory and punitive damages, but does not preclude other forms of relief such as nominal damages. *See, e.g., Swackhammer v. Goodspeed*, 2009 WL 189854 at *2-3 (W.D. Mich., Jan. 26, 2009); *Brooks v. Warden*, 800 F.3d 1295, 1303 (11th Cir. 2015). Furthermore, to the extent that § 1997e(e) is interpreted as precluding an excessive force claim, based on a lack of serious physical injury, even where the defendant maliciously and sadistically attacked a prisoner, such would appear to be in direct conflict with the Supreme Court's interpretation of the Eighth Amendment. *See, e.g., Wilkins v. Gaddy*, 559 U.S. 34, 36-38 (2010). In the face of such a conflict, § 1997e(e) must conform to the dictates of the Eighth Amendment.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion for Summary Judgment</u>, (ECF No. 85), be **denied** and <u>Plaintiff's Motion for Summary Judgment</u>, (ECF No. 90), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 13, 2016           /s/ Ellen S. Carmody
                                  ELLEN S. CARMODY
                                  United States Magistrate Judge